**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 31 2013, 8:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT J. HARDY**
Squiller & Hardy
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAROLD EVANS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 17A04-1307-CR-338 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE DEKALB SUPERIOR COURT**
The Honorable Monte L. Brown, Judge
Cause No. 17D02-1211-FB-55

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Harold Evans, Jr., appeals the seven-year sentence imposed by the trial court following his guilty plea to class C felony possession of methamphetamine. The sole issue presented for our review is whether Evans's sentence is inappropriate in light of the nature of the offense and his character. Finding that Evans has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

On November 11, 2012, police discovered Evans exiting a residence in possession of less than three grams of methamphetamine within one thousand feet of Willow Street Park in Butler. The State charged Evans with one count of class B felony possession of methamphetamine and one count of class B misdemeanor visiting a common nuisance. Evans subsequently pled guilty to an amended charge of class C felony possession of methamphetamine in exchange for dismissal of the class B misdemeanor charge as well as four additional criminal charges in pending matters. Pursuant to the plea agreement, sentencing was left to the discretion of the trial court. Following a hearing, the trial court imposed a seven-year sentence. This appeal followed.

**Discussion and Decision**

Evans invites this Court to reduce his sentence.[1] Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

The current sentencing range for a class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. Here, the trial court imposed a sentence above the advisory but below the maximum. Upon appellate review of a sentence, the "nature of the offense" inquiry compares the defendant's actions with the required showing to sustain a conviction under the charged offense. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. We agree with Evans that his possession of

---

[1] Although Evans frames the central issue as whether his seven-year sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), interspersed within his argument appears to be a claim that the trial court abused its discretion during sentencing. We instruct counsel that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion. *See King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). While we will address Evans's claim pursuant to Rule 7(B) as framed, to the extent that Evans claims that the trial court abused its discretion in weighing aggravating and mitigating circumstances by failing to give sufficient weight to his guilty plea, this argument is not reviewable on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) (explaining that relative weight assigned to aggravators and mitigators is not subject to appellate review), *clarified on reh'g*, 875 N.E.2d 218.

methamphetamine in this case does not appear to be particularly egregious when compared to the actions required to sustain a conviction. Nevertheless, in light of our succeeding discussion of his poor character, Evans fails to persuade us that the seven-year sentence imposed by the trial court is inappropriate.

When considering the character of the offender, the defendant's criminal history is a relevant factor. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The trial court noted Evans's extensive thirty-nine-year criminal history that began with a juvenile delinquency adjudication in 1974. Evans's adult criminal history consists of three felony convictions, numerous misdemeanors, and the dismissal of countless additional charges as parts of various plea agreements. Despite being given the grace of probation on several occasions, the record reveals that Evans has violated the terms of probation time and time again. Similarly, although he has repeatedly received substantial benefit from all of his guilty pleas, Evans has failed to rehabilitate himself.

Additionally, Evans has a long history of substance abuse and some mental health issues. He has failed to properly address these problems despite being offered counseling to do so. Further, the record indicates that Evans has not had gainful employment in the last twelve years, and he admits that most of his current friends have, at one time or another, been in trouble with the law. According to a risk assessment evaluation, Evans is in the high risk category to reoffend. Under the circumstances, Evans's character does not support a sentence revision.

4

Evans has not met his burden to demonstrate that his seven-year sentence is inappropriate in light of the nature of the offense and his character. Therefore, we decline the invitation to revise his sentence. The sentence imposed by the trial court is affirmed.

Affirmed.

BAKER, J., and NAJAM, J., concur.